# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

JOSHUA L. ALLEN                                  *
                                                 *
                        Plaintiff,               *
v.                                               *
                                                 *        No. 4:15CV00396-SWW-JJV
J. TRAYLAR, Deputy,                              *
Saline County Sheriff's Office, *et al.*         *
                                                 *
                        Defendants.              *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.     INTRODUCTION

Joshua L. Allen ("Plaintiff") brings this action alleging that Defendants violated his constitutional rights.  (Doc. No. 2.)  His Complaint has been referred to me for screening.  (Doc. No. 3.) After review of the allegations, I conclude that Plaintiff's Complaint should be dismissed without prejudice.

### II.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780

F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.   ANALYSIS

Plaintiff alleges that, while driving on May 16, 2015, he was stopped by Defendant Traylar and other, unnamed officers. (Doc. No. 2 at 4.) He claims that Defendant Traylar subjected him to a pat-down which revealed drug paraphernalia. (*Id*. at 5.) Afterwards, Plaintiff failed a sobriety test. (*Id*.) He was arrested and eventually charged with: (1) driving with a suspended license, (2) driving under the influence, and (3) possession of drug paraphernalia. (*Id*. at 5.) He states that he is incarcerated at the Saline County Detention Center awaiting trial on these charges. (*Id*. at 3.) Plaintiff's claims against Defendants Traylar and Saline County Detention Center are that: (1) the pat down search was illegal; (2) his incarceration is illegal; and (3) that the charges against him are 'wrongful.' (*Id*. at 6.)

Pursuant to the *Younger*[1] abstention doctrine, a federal court should abstain from hearing constitutional claims where: (1) doing so would interfere with a state judicial proceeding that is ongoing; (2) the state proceeding implicates important state interests; and (3) the claimant will have an adequate opportunity to raise his constitutional challenges at the state level. *See Cormack v. Settle-Beshears*, 474 F.3d 528, 532 (8th Cir. 2007). Here, Plaintiff has indicated that he is party to

---

[1] Derived from *Younger v. Harris*, 401 U.S. 37, 43-45 (1977).

an ongoing state criminal proceeding related to the charges at issue in this case.  He requests that the Court assist him in "filing charges and suing for illegal search, unlawful incarceration, and wrongful charges."  (Doc. No. 2 at 6.)  In light of this requested relief, I conclude that hearing Plaintiff's constitutional claims  would interfere with the state's criminal proceeding.  The other two factors are similarly accounted for.  First, the state has an unquestionably important interest in resolving the charges against Plaintiff.  Second, he will  have an opportunity to challenge the constitutionality of the search, his arrest, and the charges against him at the state level.  Finally,  there is no evidence of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  *See Middlesex County Ethics Commn. v. Garden State Bar Assn*., 457 U.S. 423, 435 (1982).

In reaching this conclusion, I note that Plaintiff has not indicated a specific intent to seek money damages in this case. The United States Court of Appeals for the Eighth Circuit has previously held that, where a *Younger* abstention is appropriate and the claimant seeks money damages, a stay pending a final state outcome is appropriate.  *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 604 (8th Cir. 1999).[2]  Based on a current reading of the Complaint, however, I recommend dismissal without prejudice.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.       Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

---

[2]If Plaintiff does seek monetary damages, he may indicate as much in his objections to this recommendation, should he choose to submit any.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 6th day of July, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."